**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|       Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:02-CR-0283-R(01) |
| | ) | No. 3:05-CV-0781-R |
| FRANKIE L. MARTIN, SR., | ) | |
| ID # 29518-177, | ) | |
|       Movant/Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

**A.  <u>Nature of the Case</u>**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America.

**B.  <u>Procedural History</u>**

On March 23, 2003, movant pled guilty to conspiracy to commit money laundering. In his plea agreement, he "waive[d] the right to appeal his sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742, and the defendant further agree[d] not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255." He specifically reserved the right to appeal: "a) any punishment imposed in excess of a statutory maximum, b) any punishment to the extent it

constitutes an upward departure from the guideline range deemed most applicable by the sentencing

court, and c) arithmetic errors in the guidelines calculations." On July 29, 2003, the Court entered

judgment upon movant's guilty plea, and sentenced him to 110 months imprisonment. Although he

appealed his conviction and sentence, he withdrew that appeal, and the Fifth Circuit dismissed it on

April 14, 2004.

On April 18, 2005, the Court received the instant motion filed pursuant to 28 U.S.C. § 2255.

He therein claims that, under *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*,

___ U.S. ___, 125 S. Ct. 738 (2005), the Court improperly sentenced him by utilizing factors not

submitted to the jury for determination.

## II.  SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts

provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct

the clerk to notify the moving party." Generally, "an informed and voluntary waiver of post-conviction

relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per

curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Such waiver is also sufficient

to summarily dismiss a motion filed pursuant to § 2255. Neither *Blakely* nor *Booker* "alter the plain

meaning of appeal-waiver provisions in valid plea agreements." *United States v. McKinney*, 406 F.3d

744, 747 n.5 (5th Cir. 2005). Consequently, a waiver that was signed prior to the issuance of *Blakely*

and *Booker* is enforceable. *Id.* at 746-47.

In this instance, movant does not contest that he voluntarily and knowingly pled guilty. By

such plea, movant voluntarily waived his right to collaterally attack his conviction or sentence in a

motion to vacate, except on three specific grounds not raised in the instant motion to vacate. Thus, because movant has raised no claim specifically exempted from his waiver, his informed and voluntary waiver bars collateral relief in this case. In view of movant's waiver, it is clear that he is entitled to no relief on his *Blakely* or *Booker* claims. Consequently, the Court should summarily dismiss this action.

The Court notes, furthermore, that even had movant not voluntarily and knowingly waived his right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, claims based upon *Blakely* or *Booker* have not been made retroactively applicable on collateral review and are thus not cognizable under § 2255. *See United States v. Cabrera*, Nos. 3:01-CR-0374-H, 3:04-CV-2739-H, 2005 WL 1422154, at *1 (N.D. Tex. June 14, 2005) (findings, conclusions, and recommendation addressing initial § 2255 motion), *accepted by* unpub. order (N.D. Tex. July 11, 2005).

### III.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court summarily **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED** this 8th day of September, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4